NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-CV-368-DLB

ALEX T. SIMMONS                                                                                      PLAINTIFF

VS:  **MEMORANDUM OPINION AND ORDER**

SUSAN HASTINGS, *Warden.*                                                                 DEFENDANT

The *pro se* plaintiff, Alex T. Simmons, states that he is presently confined in a halfway house located at 4701 Kansas Avenue, N.W., Washington, D.C., 20011.[1] On November 15, 2005, when the plaintiff was confined at the United States Prison-Big Sandy, in Inez, Kentucky ("USP-Big Sandy"), he filed a complaint which the Court construed as falling under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The plaintiff named "Susan" Hastings, the warden of USP-Big Sandy, as the defendant.[2]

As the plaintiff submitted neither the filing fee of $250.00 nor the documents necessary to apply for *in forma pauperis* status, the Court entered a Deficiency Order on December 20, 2005 [Record No. 4]. The plaintiff has now filed a "Motion to Dismiss" in which he asks that his complaint be dismissed because he wants "to concentrate on remaining and readjusting to the community." [Record No. 6] The plaintiff also states that his former case manager apologized for

---

[1] See return address on envelope attached to Record No. 6.

[2] The Court takes judicial notice that the name of the warden of USP-Big Sandy is *Suzanne* Hastings, not "Susan" Hastings.

1

having placed him (plaintiff) in administrative segregation. [*Id.*]

Fed.R.Civ.P. 41(a)(1), which governs voluntary dismissals, reads as follows:

> **Rule 41. Dismissal of Actions**
> (A) Voluntary Dismissal: Effect Thereof.
>    (1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

*Id.*

Ordinarily, a district court has no discretion to deny a Rule 41(a)(1) notice of dismissal. *Eddins v. Summers*, 230 F.3d 1358, 2000 WL 1478355 (6th Cir. (Tenn.) Sept. 27, 2000) (unpublished disposition) (citing *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993)). Consequently, the plaintiff's voluntary "Motion to Dismiss" [Record No. 6] is **GRANTED**. [3]

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)   The Clerk of the Court will note in the record the plaintiff's new address: 4701 Kansas Avenue, N. W., Washington, D.C., 20011.

(2)   The plaintiff's "Motion to Dismiss" [Record No. 6] is **GRANTED.**

---

[3] The Court notes the plaintiff's failure to pay the requisite filing fee would, standing alone, constitute grounds upon which to base a dismissal without prejudice.

2

(3) This action is **DISMISSED** *without* prejudice, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the named defendant.

This 11th day of January, 2006.

Signed By:
David L. Bunning
United States District Judge